MELADO LAND CO. v. FIELD. (No. 5409.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 27, 1915.)

1. COURTS (§ 183*) — JURISDICTION — COUNTY COURT—SPECIFIC PERFORMANCE.

A county court has no jurisdiction of a cross-action, in an action on an account, which asks specific performance of a contract by plaintiff to purchase land from defendant at the price of $1,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 437, 439, 447, 449–455, 457, 458, 460–464, 467; Dec. Dig. § 183.*]

2. ACCOUNT, ACTION ON (§§ 6, 7*)—ADMISSIBILITY OF EVIDENCE—RELEVANCY.

Where the petition alleged that W. was the agent of the defendant corporation, that one who was indebted to plaintiff in writing instructed W. to pay a certain sum to plaintiff, which amount the defendant, through its agent W., admitted was due from defendant to the drawer of the order and agreed to pay to plaintiff, and the evidence did not controvert W.'s agency, but instead showed that defendant, through its president, had, in a letter to plaintiff, admitted its indebtedness to plaintiff, including the amount of that order, the written order was admissible, over objection that it was not supported by the pleadings, and that it was an attempt to make the defendant answer for the debt of another without showing any agreement in writing on defendant's part.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. §§ 8–17; Dec. Dig. §§ 6, 7.*]

3. TRIAL (§ 192*) — INSTRUCTIONS — ASSUMPTION OF FACTS—UNCONTROVERTED FACTS.

The court in his charge may assume, as established, facts alleged in the petition and not denied, and which are supported by uncontradicted evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

Appeal from Hidalgo County Court; Jas. H. Edwards, Judge.

Action by S. H. Field against the Melado Land Company. Judgment for plaintiff, and defendant appeals. Affirmed.

E. A. McDaniel, of McAllen, for appellant. Brown & Strickland, of Mission, for appellee.

CARL, J. [1] Appellee sued appellant on various assigned accounts and alleged accepted orders aggregating $152.42. Appellant answered and, among other defenses, pleaded a contract with appellee to convey to him 10 acres of land at $100 per acre, upon which contract appellee paid $100 and executed notes for $900. The cross-action alleged a willingness on appellant's part to carry out the contract, tendered a deed, and prayed for judgment for $900 and interest. To this cross-action the court sustained a demurrer on the ground that the court was without jurisdiction to try same. The allegations of appellee in his supplemental petition set up fraud and misrepresentation in the contract of sale of the land and, in the event his demurrer was overruled, prayed for a rescission of said contract. There was clearly no error in the court sustaining this demurrer, and the first assignment is overruled.

[2] Neither was there error in the court admitting in evidence the following order:

"July 21, 1913.

"Mr. Wood: Pay to the order of S. H. Field $15.65 for groceries.

"[Signed] Eugenio Cortez."

The objection was that there was no pleading to support this evidence; that same constitutes a variance from the pleadings; that same is irrelevant and immaterial; that Mr. Wood was not a party to the suit; and that it is an attempt to have defendant answer for the debt, default, etc., of another without showing any agreement upon defendant's part in writing to pay same, and that same did not purport to be an order upon the Melado Land Company.

The first paragraph of the plaintiff's petition reads:

"That heretofore, to wit, on the 1st day of January, A. D. 1913, the defendant was indebted to one Eugenio Cortez in the sum of $16.65, and the said Eugenio Cortez instructed Mr. Wood, the agent of the Melado Land Company, in writing, to pay to the order of S. H. Field the sum of $16.65, for groceries purchased by the said Eugenio Cortez, which amount the Melado Land Company, defendant, by and through its agent, Mr. Wood, admitted to be due to the said Eugenio Cortez, and which amount the said Mr. Wood, as such agent, agreed to pay to S. H. Field."

The agency of Mr. Wood, who is Otto or O. C. Wood, is alleged in paragraphs 1, 2, and 3 of the amended petition. There is no evidence denying the agency, and in the fifth paragraph of said petition "plaintiff alleges that the defendant company admitted all of the above indebtedness in a letter directed to Mr. S. H. Field and executed by said defendant company on March 18, A. D. 1914." In reply to a letter from appellee, the Melado Land Company, under a Houston date of March 18, 1914, acknowledged the debt due appellee aggregating $152.42, one item of which is that about which complaint is here made. This letter was in the company name and signed by D. F. Boyles, president. Prior to the time the goods were furnished Mr. George Hammon, attorney for appellant agreed with appellee that he (Field) should furnish supplies to the laborers in the employ of Melado Land Company on their orders to be accepted by Mr. Otto Wood. In fact, the testimony is sufficient to show that it was an original undertaking on part of the company, through its duly authorized agents to pay these debts.

[3] As stated, the pleadings allege the agency of Mr. Wood, and the same is not denied, also his acceptance of the orders, for appellant; and where the petition alleges a certain fact, which is not denied, and the proof bears out the allegations, no testimony being offered to the contrary, the court may assume that fact as established in his charge to the jury, and the same does not bring the charge within range of the criticism that it is a charge on the weight of the evidence.

All other assignments are overruled, and the judgment of the trial court is in all things affirmed.